IN THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY, MARYLAND

**OLUFIKAYO ABIOLA AKINTOLA,**  *
15104 Dove Heart Lane
Bowie, MD 20721                                    *

    Plaintiff,                     *

    v.                              *    Case No.: CAC 21-01347

                                    *

**BACKGROUNDCHECKS.COM, LLC,**
SERVE:                                             *
CSC-Lawyers Incorporating Service Co.
7 St. Paul Street, Suite 820                       *
Baltimore, MD 21202
                                    *

    Defendant.

**********************************************

## COMPLAINT

Plaintiff, OLUFIKAYO ABIOLA AKINTOLA, by and through his undersigned attorney, submits this Complaint against Defendant, BACKGROUNDCHECKS.COM, INC. and states as follows.

### INTRODUCTORY STATEMENT

1.    This action is brought under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681a-x ("FCRA"), and Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees. The FCRA requires consumer reporting agencies to use "reasonable procedures to assure maximum possible accuracy" when preparing and furnishing a consumer report about an individual. 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant failed to assure maximum accuracy when it prepared and furnished a consumer report that contained grossly inaccurate, false and misleading information to Plaintiff's employer, and as a result, Plaintiff suffered harm.

1



2.      This action is also brought under the Maryland tort and privacy laws of Injurious Falsehood, False Light and Negligence. As a result of Defendant's willful and reckless failure to prepare and furnish an accurate consumer report, and to maintain reasonable procedures to assure maximum possible accuracy in their reports, and Defendant's subsequent publication of the report to a third party which placed Plaintiff in a false light, Plaintiff Akintola suffered harm for which he seeks damages.

## PARTIES

3.      Plaintiff, OLUFIKAYO ABIOLA AKINTOLA ("Akintola") is an adult resident of Prince George's County, Maryland.

4.      Defendant, BACKGROUNDCHECKS.COM, LLC ("BGC") is a Delaware Corporation (formerly a Texas Corporation, currently with a principal place of business in Texas) doing business in the State of Maryland.

## JURISDICTION

5.      This Court has subject matter jurisdiction under the FCRA, 15 U.S.C. §1681p.

6.      Venue is proper as Plaintiff is a resident of Prince George's County, and Defendant conducts business and has sufficient contacts in the State of Maryland, Prince George's County, and the conduct giving rise to this action arose therein.

## FACUAL ALLEGATIONS

7.      Plaintiff Akintola is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

8.      BGC provides criminal background information and reports to consumers and businesses and is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. § 1681a(f).

9. In early 2019, Plaintiff Akintola was contacted by a recruiting firm, Dynanet Corporation ("Dynanet"), regarding a full-time job opening as a Training Specialist working for a federal contractor, General Dynamics Information Technology ("GDIT").

10. On or about February 6, 2019, Plaintiff Akintola was interviewed for the position as a Training Specialist by Dynanet and GDIT. Plaintiff was offered the Training Specialist position, which he accepted. The offer was made on a conditional basis, pending a background check. The interview process included having Plaintiff Akintola sign an "Acknowledgement and Authorization Regarding Background Investigation" which authorized Dynanet to obtain a criminal background check of Plaintiff Akintola.

11. Dynanet hired SentryLink LLC ("SentryLink") to perform the background check on Plaintiff Akintola.

12. On or about February 7 or 8, 2019, BGC provided the background check report to SentryLink.

13. SentryLink in turn provided the report to Dynanet. Dynanet then provided the report to Plaintiff's new employer, GDIT.

14. BGC was the original source for the information contained in the background check report on Plaintiff.

15. The background report obtained by Dynanet contained inaccurate, false and misleading statements regarding Plaintiff Akintola, accusing him of currently being charged with crimes including illegal drug possession and serious traffic violations in the State of Maryland.

16. On or about Friday, February 8, 2019, Dynanet provided a copy of the report to Plaintiff Akintola.

17. On or about Saturday, February 9, 2019, Plaintiff Akintola provided Dynanet with documents showing that the information in the report was inaccurate, false and misleading, including Court Orders of Expungement and related Court Certifications of Compliance.

18. The criminal charges in the report had been dismissed and expunged from Plaintiff's record. BGC should not have included any charges in their report if those charges had been expunged.

19. On or about Monday, February 12, 2019, Plaintiff Akintola was advised by Dynanet that the job offer was being rescinded, as he was no longer being considered for the Training Specialist position with GDIT based upon the information in the criminal background report.

## COUNT I – FAIR CREDIT REPORTING ACT

20. Plaintiff adopts and incorporates all allegations in the preceding paragraphs as if fully set forth herein.

21. At all times pertinent hereto, Defendant BCG was a "person" and "consumer reporting agency" ("CRA") as defined by section 1681a of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a.

22. Plaintiff Akintola is a natural person and a "consumer" as defined by section 1681a(c) of the FCRA, 15 U.S.C. §1681a(c).

23. On or about February 6 and 7, 2019, Defendant BGC provided a "consumer report" as the term is defined by 15 U.S.C. § 1681a(d), concerning Plaintiff Akintola to his new employer GDIT, through GDIT's recruiting firm, Dynanet.

24. The consumer report furnished by Defendant BGC was for employment purposes.

25. Upon information and belief, BGC was the original source for the inaccurate, false and misleading report(s) generated regarding Plaintiff.

26. Plaintiff Akintola was offered a job as Training Specialist, a job which he accepted, conditional on a background check.

27. The report provided by Defendant contained inaccurate, false, misleading and injurious statements, including accusing Plaintiff of being currently charged with criminal offenses.

28. The report provided by Defendant BGC included items which had previously been dismissed as *nolle prosequi* and which records had previously been expunged per Court Order.

29. Defendant BGC failed to follow reasonable procedures to assure that maximum possible accuracy of the information it reported in the credit report concerning Plaintiff Akintola. BGC failed to include the most current information on the report it generated.

30. At all times pertinent hereto, the conduct of Defendant BGC, as well as that of its agents and/or employees, was intentional, willful, reckless and in grossly negligent disregard for federal law and the rights of Plaintiff.

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

32. The conduct of Defendant BGC was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff Akintola outlined above.

33. Defendant BGC is liable to Plaintiff Akintola for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and costs of litigation, as well as such further relief as may be permitted by law.

## COUNT II - INJURIOUS FALSEHOOD

34. Plaintiff adopts and incorporates all allegations contained above as if fully set forth herein.

35. Defendant BGC made statements that Plaintiff was currently charged with crimes.

36. These statements made by the Defendant were made with reckless disregard for the truth of the allegations made by Defendant. These statements were published to third parties.

37. That as a result of the malicious and deliberate actions of the Defendants, Plaintiff had a job opportunity rescinded, and thereafter had greater difficulty in securing other employment and suffered other economic loss.

38. That as a result of the actions of the Defendant acting with reckless disregard for the truth of the allegations that Plaintiff was currently charged with crimes, Plaintiff had a job opportunity rescinded, had great difficulty in securing other employment and suffered other economic loss.

39. That as a result of the malicious actions of the Defendant BGC and as a result of the actions of the Defendant BGC in acting with reckless disregard for the truth, Plaintiff Akintola suffered economic loss resulting from his loss of employment and suffered mental anguish and personal humiliation, along with loss of professional reputation.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $100,000 in compensatory damages and additional damages for pain and suffering, emotional distress, and loss of professional reputation, plus punitive damages of One Hundred Thousand Dollars ($100,000.00), plus attorneys' fees, interest and costs.

## COUNT III – FALSE LIGHT

40. Plaintiff adopts and incorporates the allegations contained above, and further states that the Defendant BGC improperly publicized inaccurate, false and misleading information about

Plaintiff which placed Plaintiff Akintola in a false light by attributing to him conduct and characteristics which were false.

41. Defendant BGC acted with reckless disregard for the truth in publishing information that Plaintiff Akintola was currently charged with crimes of possession of illegal drugs and hit and other crimes.

42. The publication of this false information was highly offensive to any reasonable person.

43. That as a result of each and all the Defendants' conduct, Plaintiff Akintola suffered economic loss, mental anguish, pain and suffering, loss of professional reputation, humiliation, and other damages, when the job offer was rescinded and future employment uncertain.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $100,000 in compensatory damages and additional damages for pain and suffering, emotional distress, and loss of professional reputation, plus punitive damages of One Hundred Thousand Dollars ($100,000.00), plus attorneys' fees, interest and costs.

## COUNT IV – NEGLIGENCE

44. Plaintiff adopts and incorporates the allegations contained above, as if fully set forth herein.

45. Defendant BGC improperly publicized inaccurate, false and misleading information about Plaintiff and breached its duty of care owed to Plaintiff when it failed to use proper procedures to prepare and furnish a criminal background report in an employment situation.

46. The Defendant's sole negligence was the proximate cause of Plaintiff's injuries, which include economic loss, mental anguish, pain and suffering, loss of professional reputation, humiliation, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $100,000 in compensatory damages and additional damages for pain and suffering, emotional

distress, and loss of professional reputation, humiliation, plus punitive damages of One Hundred Thousand Dollars ($100,000.00), plus attorneys' fees, interest and costs.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Olufikayo Abiola Akintola, respectfully requests the following relief against Defendant on all counts:

1. Judgment be entered in Plaintiff's favor and against Defendant BGC on each count as set forth above;

2. For Count I, an award for actual and/or statutory damages and punitive damages for violations of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o;

3. For Counts II, III, and IV, an award for actual, special and compensatory damages in an amount of One Hundred Thousand Dollars ($100,000.00) including additional damages for pain and suffering, emotional distress, lost wages, and loss of professional reputation, plus punitive damages of One Hundred Thousand Dollars ($100,000.00), for each count, as set forth above;

4. For all Counts, an award of attorneys' fees and costs in an amount to be determined;

5. For all Counts, an award to include pre-judgment and post-judgment interest; and

6. For such other and further relief to which he may be entitled.

Respectfully submitted,

Diana R. Schroeher, Esq.
Law Office of Adele L. Abrams PC
4740 Corridor Place, Suite D
Beltsville, MD 20705
301-595-3520
301-595-3525 (Facsimile)
dschroeher@aabramslaw.com
*Counsel for Plaintiff*